1  V. ANDREW CASS
   Nevada Bar No. 005246
2  KRISTIN E. MEREDITH
   Nevada Bar No. 11655
3  LEWIS BRISBOIS BISGAARD & SMITH LLP
   6385 S. Rainbow Boulevard, Suite 600
4  Las Vegas, Nevada 89118
   702.893.3383
5  FAX: 702.893.3789
   Attorneys for State Farm Mutual Automobile
6  Insurance Company ("State Farm")

7

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEANNE BRUNOLD,<br><br>   Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Foreign Corporation; DOES I through 10; ROE Entities 11 through 20, inclusive, jointly and severally<br><br>   Defendants. | CASE NO.  2:13-CV-0001-JCM-VCF<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

It appearing to the Court that the Plaintiff, DEANNE BRUNOLD ("Plaintiff"), Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("State Farm"), are in agreement that State Farm possesses proprietary policies and procedures that include confidential information that may be subject to discovery in the proceedings in this matter but which should not be made available to the public generally, this Court hereby orders that:

1. This Confidentiality Agreement and Protective Order ("Order") shall govern certain discovery and document production among the parties, as well as discovery and document production from third parties, in the above-referenced action.

2. For purposes of this Order, the term "Confidential Information" shall refer to: (1) information which any party or non-party believes in good faith to be a trade secret or confidential research, development, commercial, or other proprietary business information within the meaning

of FRCP 26(c)(1)(G); and (2) documents and/or testimony that may reveal confidential, proprietary, personal or commercially sensitive information. Such Confidential Information may be contained in any written, printed, recorded, or graphic matter of any kind, and shall retain its confidential designation regardless of the medium on which it is produced, reproduced, or stored. Such Confidential Information may also be elicited at deposition or through written discovery.

3. Whenever any party or non-party desires to designate information contained in a document as Confidential Information, the designating party shall mark each page of the document with the word "CONFIDENTIAL" and identify such Confidential Information at the time of production. Confidential Information may be used in the course of depositions in accordance with this Order.

4. Transcripts or exhibits from any deposition or hearing shall be temporarily designated as "Confidential" and be treated as subject to the terms of this Order. Within forty-five (45) days of receipt of such transcripts and exhibits, Counsel will designate the pages of the transcripts or exhibits which shall remain designated as "Confidential" and will advise all other parties. If no designation is made within forty-five (45) days, the entire transcript and all exhibits will be deemed not confidential.

5. All documents produced or information disclosed and any other records designated as "confidential" by State Farm shall be revealed only to:

a) Plaintiff;

b) Plaintiff's counsel of record in this case;

c) Defendants;

d) Defendants' counsel of record in this case;

e) Paralegals and secretarial employees under counsel's direct supervision;

f) Outside photocopying, translating, document management, and exhibit preparation services engaged by a party for purposes of this litigation;

g) Persons employed by counsel to act as consultants or experts in this action;

h) Any other person State Farm agrees in writing may be shown such documents; and

i) The Court and court personnel, stenographic reporters, and videographers at

1  depositions taken in this action, and any jury empanelled in this action, subject to the
2  protections of Paragraphs 3, 4, and 9 of this Order;
3     6.   The information considered as "confidential" and disclosed only in accord with the
4  terms of Paragraph 5 shall include, without limitation, any claims manual, training materials, and
5  any other information or documentation supplied by State Farm and designated as "Confidential."
6     7.   Documents deemed confidential by State Farm shall be used only for the purposes
7  of prosecuting or defending this action. Under no circumstances shall information or materials
8  covered by this Order be disclosed to or discussed with anyone other than the individuals
9  designated in Paragraph 5.
10    8.   Prior to disclosure of any documents designated as "confidential" to any individual
11 who is not a signator to this Order, counsel shall require such individual to read this Order and
12 sign the Agreement which is attached hereto as Exhibit A and provide a copy of the signed
13 Agreement to counsel for State Farm.
14    9.   Prior to filing any motion wherein information designated as "Confidential" is
15 referenced or attached, Plaintiff shall comply with LR 10-5(b) and *Kamakana v. City and County*
16 *of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), or provide Counsel for Defendant reasonable time,
17 but in any event not fewer than 10 judicial days, to file a motion pursuant to LR 10-5(b) and
18 *Kamakana* to show particularized good cause or particularized compelling reasons to file those
19 documents under seal.
20    LR 10-5(b) provides:

> Unless otherwise permitted by statute, rule or prior Court order, papers filed with the Court under seal shall be accompanied by a motion for leave to file those documents under seal, and shall be filed in accordance with the Court's electronic filing procedures. If papers are filed under seal pursuant to prior Court order, the papers shall bear the following notation on the first page, directly under the case number: "FILED UNDER SEAL PURSUANT TO COURT ORDER DATED _____." All papers filed under seal will remain sealed until such time as the Court may deny the motion to seal or enter an order to unseal them, or the documents are unsealed pursuant to Local Rule.

27 Pursuant to *Kamakana* and LR 10-5(b), any documents designated as "Confidential" and
28 attached to a non-dispositive motion must be accompanied by a motion showing a particularized

1  good cause for leave to file those documents under seal. And, any documents designated as
2  "Confidential" and attached to a dispositive motion must be accompanied by a motion showing a
3  particularized compelling reason for leave to file those documents under seal.

4  10. This Order is subject to revocation and modification by Order of the Court upon
5  written stipulation of the parties, or upon motion and reasonable notice, including opportunity for
6  hearing and presentation of evidence.

7  11. If any Party believes that it is not bound by this Order respecting documents
8  designated "Confidential," it shall give notice to counsel for State Farm at least 30 days before the
9  Party uses or discloses such documents in a manner prohibited by this Order, to enable State Farm
10 to contest the intended use through a motion to the Court.

11 12. Within 30 days of the final termination of this case, all documents and information
12 subject to this Order, including any copies or extracts or summaries thereof, or documents
13 containing information taken therefrom, shall be returned to counsel for State Farm. In the
14 alternative, within 30 days of the final termination of this case, all such documents, including
15 copies or extracts or summaries thereof, may be shredded or disposed of in a manner to ensure the
16 destruction thereof and a declaration certifying such destruction or disposal provided to State
17 Farm.

18 13. In any action or proceeding to enforce this Order, or pursuant to paragraph 12, the
19 prevailing party shall be entitled to recover its reasonable attorneys' fees and costs, without
20 limiting any other relief that may be available.

21 14. This Order shall remain in effect after the conclusion of this case and the Court
22 shall retain jurisdiction to enforce its terms and to prevent or punish violations of it.

23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

15. This Order may be executed in counterparts, each of which shall constitute one and the same agreement.

DATED this 11th day of April, 2013

By: _____
Benjamin P. Cloward, Esq.
Nevada Bar No. 011087
RICHARD HARRIS LAW FIRM
801 South Fourth Street
Las Vegas, NV 89101
*Attorneys for Plaintiff*

DATED this 15 day of April, 2013

By: _____
V. Andrew Cass
Nevada Bar No. 005246
Kristin E. Meredith, Esq.
Nevada Bar No. 011655
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 South Rainbow Blvd., Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendant State Farm*

**IT IS SO ORDERED.**

_____
UNITED STATES ~~DISTRICT COURT~~ JUDGE
Magistrate
Dated: 4-18-13

# EXHIBIT A

## ACKNOWLEDGMENT OF RECEIPT AND AGREEMENT TO COMPLY WITH STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has been provided with a copy of the parties' STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER in the lawsuit captioned Deanne Brunold v. State Farm Mutual Automobile Ins. Co. (United State District Court Case No. 2:13-CV-0001). The undersigned agrees to be bound by the terms of the referenced *Stipulated Confidentiality Agreement And Protective Order* in the same manner as Plaintiff, Defendant and their attorneys.

DATED this ____ day of _____, 2013.

By: _____
Litigation Participant - Signature

_____
Name (Printed)

_____
Street Address

_____
City    State    Zip

_____
Occupation or Business